[No. 24360. Department Two. March 15, 1933.]

THE STATE OF WASHINGTON, *on the Relation of the Montesano State Bank, Appellant,* v. IRA SMITH *et al., Respondents.*[1]

*O. M. Nelson,* for appellant.

*Geo. D. Abel* and *Robert B. Abel,* for respondents.

MAIN, J.—This action was brought to require the commissioners of drainage district No. 2, in Grays Harbor county, to levy supplemental or additional assessments sufficient to retire the balance of the bonds of the district. The trial resulted in a judgment denying the relief sought, from which the relator appeals.

Drainage district No. 2 of Grays Harbor county was organized sometime during the year 1920 under chapter CXV, Laws of 1895, p. 271, § 1 (Rem. Rev. Stat., § 4298). After the district was organized, a jury was called, as provided for in the act, and assessed the maximum benefits to each tract of land therein, the total of which was approximately forty thousand dol-

[1]Reported in 20 P. (2d) 18.

lars. The improvement provided for cost $30,500, for which bonds were issued. To the bonds were attached coupons for the annual interest as it became due. After the bonds were issued and sold, from time to time the district commissioners levied assessments. Out of the assessments the interest was paid, and, in all, sixteen thousand dollars worth of the bonds was retired, leaving a balance of fourteen thousand dollars unpaid. Approximately eight thousand dollars of the assessments was lost by reason of foreclosure by the county for delinquent general taxes.

The question is whether the assessments for interest were properly chargeable against the maximum benefits. Each tract of land has been heretofore assessed for the full amount of its maximum benefits. If the interest is to be charged against such benefits, no further assessment can be made. On the other hand, if the assessments for interest were not properly chargeable against the maximum benefits, then the property has not been assessed to the full amount of such benefits.

In *Behrens v. Commercial Waterway District No. 1*, 107 Wash. 155, 181 Pac. 892, 185 Pac. 628, the court had before it for construction the commercial waterway act (Rem. Rev. Stat. § 9724 *et seq.*), where the same question was presented under that act as is here presented under the drainage district act; the two acts, so far as present purposes are concerned, containing like or similar provisions. In the case referred to, the action was brought to test the validity of certain bonds which the waterway district intended to issue, and the question was whether the interest on the bonds should be taken into consideration in determining whether the amount thereof exceeded the maximum benefits to the property in the district, as found by the jury. It was there held that bonds, in an

amount including interest thereon, were not valid if the principal of the bonds and the interest exceeded the total amount of the maximum benefits. It was there said:

"The present plan is pursued in virtue of the authority vested in waterway districts, and if accomplished will result in the issue of bonds in such amount that the total principal of all bonds then to be outstanding, while less in total amount than the total amount of maximum benefits, will, if account be taken of the interest now accrued and to accrue on the outstanding bonds, greatly exceed the amount of total maximum benefits.

"It is confessed that the property cannot be charged in a principal sum greater than the total amount of the maximum benefits, but it is contended that the interest accrued and to accrue, which is depended upon by the respondent to swell the total indebtedness to an amount in excess of the maximum benefits, is no part of the cost and expense of the improvement; that the collection of interest, while incidental to the financial plan of the district, is not a thing to be considered as an item to be balanced as cost or expense against the total of maximum benefits. . . .

"Referring now to the original authority of the waterway commission and the constitutional right of the property owner, and which may be said to be emphasized in the act, it seems plain that it was not the intention of the legislature to charge the property benefited beyond the maximum benefits to be obtained. . . .

"We hold, therefore, that it is the meaning of the act that the waterway commission may function within the limit of its powers; that it may collect assessments to the extent of the maximum benefits; that it may issue bonds and refund an outstanding issue, but that it may not charge the property beyond the amount of maximum benefits, whether it be under the pretext of collecting interest or for any other charge, except as provided in the act. It is the duty of the

respondent to see that the primary fund, which theoretically is the amount of maximum benefits, shall not be jeopardized or be allowed to go below a point, by overissue or otherwise, where there will not be amounts 'still leviable' within the limit of maximum benefits to provide for the payment thereof.''

The question in that case was elaborately discussed, and we have only quoted the portion of the opinion which appears to unequivocally indicate the holding of the court. No doubt, certain portions of the opinion may be detached from their setting and appear to convey a different meaning; but, when the opinion is read in its entirety, there is no escape from the conclusion that the question there was the same as here, and was definitely determined. Since that case is controlling, there is no necessity at this time to again discuss the question.

Cases construing other statutes, such as the irrigation act, containing provisions which are essentially different from those found in either the drainage act or the commercial waterway act, are not here of controlling importance.

The judgment will be affirmed.

BEALS, C. J., BLAKE, TOLMAN, and STEINERT, JJ., concur.